# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 3, 2009

## STATE OF TENNESSEE v. CHARLTON GARNER

**Direct Appeal from the Criminal Court for Shelby County**
**No. 05-07903    W. Otis Higgs, Jr., Judge**

---

**No. W2007-00821-CCA-R3-CD  - Filed June 26, 2009**

---

The defendant, Charlton Garner, was convicted by a Shelby County jury of second degree murder, a Class A felony; attempted second degree murder, a Class B felony; and reckless endangerment, a Class E felony.  He was subsequently sentenced by the trial court to an effective sentence of twenty-eight years in the Department of Correction.  On appeal, he raises the single issue of sufficiency of the evidence with regard to each of the convictions.  Specifically, he argues that the evidence presented at trial supports his theory of self-defense.  Following review of the record, we affirm the judgments of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

James E. Thomas, Memphis, Tennessee (on appeal), and Samuel Perkins and David Kreher, Memphis, Tennessee (at trial), for the appellant, Charlton Garner.

Robert E. Cooper, Jr., Attorney General and Reporter; Elizabeth B. Marney, Senior Counsel; William L. Gibbons, District Attorney General; and Patience Branham and Marianne Bell, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

During the course of an evening, the defendant was involved in two separate shooting incidents which resulted in the charges against him.  April Taylor, the victim of the reckless endangerment, testified during the jury trial that, on the evening in question, she and her cousin, Terrell Taylor, the victim of the murder conviction, were riding in her white sports utility vehicle (SUV).  According to Ms. Taylor, she was taking her cousin to sell drugs in the Byfield area.  As they proceeded down the street, they encountered the defendant and two friends on bicycles.  According to Ms. Taylor,  she was unable to turn her vehicle around because the group was blocking

the road. Her cousin rolled down his window and spoke to the men, stating, "don't you see she is trying to get her truck through," and then rolled the window back up. Immediately thereafter, the defendant fired a shot at the passenger side of the SUV. They left the area, and Ms. Taylor dropped off her cousin and his friend, Freddie Bachus, the victim of the attempted murder charge, in the neighborhood.

Mr. Bachus testified that he and Mr. Taylor went riding around in his car. As the two came to a stop sign at Hillbrook and Maxwell, they were approached by three males on bicycles. According to Mr. Bachus, without any words being spoken, the defendant aimed a gun at him and fired one shot into the car. The bullet first struck Mr. Bachus in the back of the head and then hit Mr. Taylor in the left temple. Fearing for his safety, Mr. Bachus then left the area and drove to the fire station on Horn Lake Road. The two men were later transported to The Med, where Mr. Taylor died.

The defendant was indicted by a Shelby County grand jury for first degree murder, attempted first degree murder, and aggravated assault. At the subsequent jury trial, the defendant acknowledged that he had committed the alleged acts but defended himself upon grounds of self-defense. In addition to the testimony of April Taylor and Freddie Bachus, the State also presented the testimony of Leroy Williams. Williams was one of the other men with the defendant on the night of the shootings. According to Williams, he, the defendant, and a third friend, were on Byfield when a white SUV came down the street. He testified that the passenger in the SUV ordered them to get out of the street, and confrontation words were exchanged. He stated that Mr. Taylor stuck his head out the window, and Williams thought he was going to shoot them. It was only afterward that the defendant fired the shot at the SUV. Williams went on to testify that the group proceeded to the Maxwell area where they were approached by a car that almost hit the defendant. According to Williams, Freddie Bachus accused the defendant of shooting at his friends, and more words were exchanged. Williams testified that he heard the passenger in the car scream "[s]hoot that nigger." He also testified that he saw shadows in the car bend down as if to get a weapon. It was then that the defendant fired into the car. The defendant also testified in his own defense. He acknowledged his commission of the acts but insisted they were done in self-defense. He testified that he had only committed the acts because he was frightened and that he had seen guns in the possession of both Mr. Taylor and Mr. Bachus.

After hearing the testimony presented, the jury returned guilty verdicts on the lesser included offenses of second degree murder, attempted second degree murder, and reckless endangerment. Following a sentencing hearing, the trial court sentenced the defendant to an effective sentence of twenty-eight years in the Department of Correction. Following the denial of his motion for new trial, the defendant timely filed the instant appeal.

**Analysis**

On appeal, the defendant raises the single issue of sufficiency of the evidence. In considering the issue of sufficiency of the evidence, we apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not re-weigh or re-evaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

"A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

The defendant's argument with regard to why the evidence is insufficient to support his three convictions is based upon facts as asserted in his own testimony and corroborated by that of Leroy Williams. He also relies upon the facts that Ms. Taylor admitted making inconsistent statements to the police and that Freddie Bachus's testimony was inconsistent with the majority of the proof at trial and was contradicted by the testimony of State witness Leroy Williams. The defendant further contends that the evidence at trial "overwhelmingly" supports his claim of self-defense. The defendant's argument is essentially a challenge to the credibility determinations made by the jury. However, questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *Pappas,* 754 S.W.2d at 623. The jury viewed all the witnesses, heard their testimony, and observed their demeanor on the stand. The defendant's theory of self-defense was well presented by defense counsel at trial, and the inconsistencies in the proof were highlighted by defense counsel during cross-examination. The jury obviously accredited the testimony of Ms. Taylor and Mr. Bachus. This court will not re-weigh or re-evaluate the evidence presented. *Cabbage,* 571 S.W.2d at 835.

After review, we conclude that evidence supports the convictions. The defendant was convicted of second degree murder, which is defined as a knowing killing of another, and the attempt to commit second degree murder. *See* T.C.A. §§ 39-13-210(a)(1), T.C.A. 39-12-101 (2006). He was also convicted of reckless endangerment, and "[a] person commits [such] an offense who recklessly engages in conduct which places or may place another person in imminent danger of death or serious bodily injury." T.C.A. § 39-13-103(a) (2009).

As noted above, the defendant's only contention with regard to the sufficiency is that the proof supports a theory of self-defense, which the jury rejected. April Taylor testified that the defendant fired a pistol at her SUV while she and Terrell Taylor were inside, thereby creating a risk to their life. Freddie Bachus testified that the defendant aimed and fired a pistol into the car, wounding him and killing Terrell Taylor. The defendant acknowledges that he committed these acts. This evidence is more than sufficient to support the convictions.

## CONCLUSION

Based upon the foregoing, the judgments of conviction are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE